THE STEVENSON STANOYEVICH FUND, MILIVOY S. STANOYEVICH, TRUSTEE, PLAINTIFF-APPELLANT, v. JULIO M. STEINACHER, DEFENDANT-RESPONDENT.

Argued October 2, 1940—Decided October 18, 1940.

Before Justices BODINE and PORTER.

For the plaintiff-appellant, *Robinson & Morris* (*David Robinson*).

For the defendant-respondent, *Ephraim Schechner*.

BODINE, J. Under a written lease defendant entered plaintiff's premises at 110 Midland avenue, Montclair, New Jersey. The premises leased were the first floor of the building and three bed rooms and a bath on the second floor. The rental was $600 a year, payable in monthly installments. The landlord covenanted that the heating system was in good working order. The lease further provided that if the premises were equipped with an oil burner, the landlord would make any necessary repairs not due to the negligence of the defendant.

The tenant moved out on order of his physician, claiming that the furnace was not in good condition at the beginning of the term as the defendant covenanted and was never properly repaired in response to frequent requests.

The proofs indicate that the furnace gave off noxious and offensive odors and that the heat would result in the defendant's part of the premises being at ninety degrees without ability to control by thermostatic adjustment.

If the landlord had failed to furnish sufficient heat the tenant might have moved out. *Higgins* v. *Whiting,* 102 *N. J. L.* 279. The failure of the landlord to furnish a furnace in good condition or repair the same after notice given, was a breach of the covenant made by him which would justify a breach of the covenant to pay the rent.

The action of the District Court, in entering judgment of no cause of action in the suit brought to recover the rent reserved for the months of January and February after the vacation of the premises by the tenant because of the improper working condition of the furnace, was in all respects proper and will be affirmed.